UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA JOAN LOPP,<br><br>Defendant. | Case No.  4-15-cr-00373-YGR-1<br><br>**ORDER DENYING MOTION TO REVOKE DETENTION ORDER**<br><br>Re: Dkt. No. 43 |

Now before the Court is the defendant's motion to revoke the Magistrate Judge's Order detaining defendant Barbara Joan Lopp ("Lopp"). (Dkt. No. 43.) The Court has considered the parties' papers, reports prepared by Pretrial Services, the record in this case, and oral argument. For the reasons set forth in this Order, the Court **DENIES** the defendant's motion to revoke the Detention Order, **AFFIRMS** the Detention Order, and **REMANDS** to Magistrate Judge Westmore for additional consideration in light of new information that has emerged in this case since the Order of Detention was signed.

**I.   BACKGROUND**

On April 27, 2015, the government charged Lopp with one count of conspiracy to commit bank fraud. (Dkt. No. 1.) The government filed a Superseding Indictment on July 16, 2015. (Dkt. No. 25.)

The facts underlying these allegations are set forth in a criminal complaint, filed on April 27, 2015, and are also summarized in the defendant's motion. (Dkt. Nos. 1, 43.) The Court shall not repeat them in detail in this Order, except where necessary to the analysis. However, the Court recounts the relevant procedural history. Thus:

On Thursday, July 16th, 2015, Lopp came before Magistrate Judge Westmore for a detention hearing. Some of the discussion at the detention hearing centered on Lopp's presence in

1   the Northern District of California on a writ from Iowa, where Lopp faced criminal charges for
2   substantially the same conduct she stands accused of in the Northern District of California. (Dkt.
3   No. 23.) At the hearing, the parties discussed the issue of the Iowa writ with the court.
4       Thereafter, on Friday, July 24, 2015 (and before any detention order was issued) the State
5   of Iowa apparently dismissed the state charges on the county attorney's motion. (Dkt. No. 33, Ex.
6   D at 36-38.) On that same Friday, the government filed a Proposed Order of Detention. (Dkt. No.
7   30.) Not until the hearing before this Court did the government represent that it was unaware of
8   the dismissal at the time that it sent the proposed order. (Dkt. No. 50.)
9       On the following Monday, July 27, 2015, Magistrate Judge Westmore signed the Order of
10  Detention which is the subject of this motion. (Dkt. No. 35.) Notably, that order (i) mirrored, in
11  substantial part, the government's proposed order, (ii) did not include any reference to the
12  Magistrate Judge's consideration of the impact of the underlying writ referenced above, and (iii)
13  was not docketed until the following Friday, July 31, 2015.
14      On Tuesday, July 28, 2015, defendant's counsel filed objections to the Proposed Order of
15  Detention and attached therewith a notice that the Iowa state charges had been dropped. (Dkt. No.
16  33; Dkt. No. 33, Ex. D at 36-38.)
17      As previously noted, on Friday, July 31, 2015, the previously-signed Order of Detention
18  was docketed. (Dkt. No. 35.) The cause of the delay is unknown.
19      On Monday, August 3, 2015, Magistrate Judge Westmore issued a second order overruling
20  defendant's objections as "moot," and noting defendant's objections "mischaracterize the Court's
21  finding[s] and have no impact on the court's analysis of the factors considered under the Bail
22  Reform Act. . . . If Defendant has new information and potential sureties to present to the Court,
23  she may request the Court to re-open the detention hearing. . . ." (Dkt. No. 36.)
24      Thereafter, the defendant filed the instant motion.
25  **II.    LEGAL STANDARD**
26      The Court conducts a *de novo* review of the Magistrate Judge's decision to detain Lopp.
27  *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In general, the Bail Reform Act
28  (the "Act") requires that "a person facing trial" be released "under the least restrictive condition or

combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985); *see generally* 18 U.S.C. § 3142. However, "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

Before issuing an order of detention, the judicial officer must hold a hearing that conforms to the requirements of 18 U.S.C. § 3142(f). At that hearing, the judicial officer must weigh certain factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *see also* 18 U.S.C. § 3142(f)(1)-(4). Following the detention hearing, the judicial officer must prepare a written decision containing certain content required by the statute. *Compare* 18 U.S.C. § 3142(h) (detailing the required content of a pretrial release order), *with* 18 U.S.C. § 3142(i) (detailing the required content of a pretrial detention order).

To obtain an order of detention, the government must show that a defendant poses a flight risk or a danger to the community, but is not required to show both. *Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The government bears the burden of persuasion in establishing both flight risk and the danger the defendant poses to the community, though different standards apply to each. *Id*. In order to meet its burden of persuasion, the government must show by a preponderance of the evidence that the defendant is a flight risk or show by clear and convincing evidence that he or she is a danger to the community. *Id.*

Finally, a defendant subject to an order of detention may seek leave of the court to reconsider its decision "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

### III. DISCUSSION

Having reviewed the record in this case under the relevant legal standard, the Court finds that the magistrate's findings of fact, as contained in the Detention Order, were sufficiently supported by the record at the time the order was signed. The Court makes this finding after exercising its right of independent examination of the facts. Accordingly, the Court specifically adopts the findings of fact set forth in the magistrate's Detention Order and determines that they support the Magistrate Judge's Detention Order.

The Court also agrees that because defendant's objections were filed after the Court had signed the Detention Order, they were, in fact, moot. However, the Court is not persuaded by the government that the issue "presents no new facts that have a material basis on the issue of detention." (Dkt. No. 47 at 1). Rather, as Magistrate Judge Westmore herself indicated on the record:

> So the way I see this is, if that happens, if she goes back to Iowa and then she's eventually released there and she's brought back here, Mr. Balogh you can then, if you have new information or some sort of proposal for possible bail conditions beyond ones that you have been able to provide to the court thus far, I'm willing to listen to those at that time and take up the bail issue then.

(Dkt. No. 41 at 3:22-4:12.)

Accordingly, given the timing issues which caused confusion, and the related changed circumstances, the Court **REMANDS** this issue to the Magistrate Judge for consideration of the changed circumstances in which the defendant now finds herself. (*See* Dkt. Nos. 33, 35, 36; Dkt. No. 33, Ex. D at 36-38; Dkt. No. 50.) The Court leaves to Magistrate Judge Westmore's discretion whether additional briefing is required from the parties and/or additional analysis from Pretrial Services.

This Order terminates Docket Number 43.

**IT IS SO ORDERED.**

Dated: September 1, 2015

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Westmore

4